**LEX TECNICA, LTD.**
Erven T. Nelson
Nevada Bar No. 2332
Michael Falater, Esq.
Nevada Bar No. 12366
Scott Whitworth, Esq.
Nevada Bar No. 15671
Vincent Garrido, Esq.
Nevada Bar No. 15918
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(725) 239-8413
erv@lextecnica.com
mike@lextecnica.com
scott@lextecnica.com
vince@lextecnica.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BOBBY STEELE, as parent of and on behalf of C.S., a minor, | CASE NO.: 2:24-cv-01869-JAD-MDC |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT CLARK COUNTY SCHOOL DISTRICT'S PARTIAL MOTION TO DISMISS** |
| CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada, and DOES 1 through X and ROE CORPORATIONS, | |
| Defendant. | |

Plaintiff, Bobby Steele ("Plaintiff"), individually and as parent to C.S., a minor, by and through their counsel of record, Lex Tecnica, Ltd., hereby responds to the Partial Motion to Dismiss (ECF No. 5) (hereinafter the "Motion") filed by Defendant Clark County School District (hereinafter "CCSD"), which seeks partial dismissal of Plaintiff's Complaint (ECF No. 1). For the reasons set forth and expounded upon in the accompanying memorandum of law, Plaintiff

1

requests the Court deny the Motion, in part.

DATED this 30th day of October, 2024.

**LEX TECNICA LTD**

*/s/ Scott Whitworth*

Erven T. Nelson
Nevada Bar No. 2332
Michael Falater, Esq.
Nevada Bar No. 12366
Scott Whitworth, Esq.
Nevada Bar No. 15671
Vincent Garrido, Esq.
Nevada Bar No. 15918
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(725) 239-8413
erv@lextecnica.com
mike@lextecnica.com
Scott@lextecnica.com
vince@lextecnica.com
*Attorneys for Plaintiff*

2

# MEMORANDUM OF LAW

## I. INRODUCTION AND SUMMARY OF PLAINTIFF'S ARGUMENTS IN OPPOSITION TO CCSD'S REQUEST FOR PARTIAL DISMISSAL PER RULE 12(b)(6)

CCSD moves for dismissal of the negligence claim and negligent hiring, training and supervision claim on the grounds that CCSD should not be liable for such claims per discretionary immunity. This argument should be rejected because CCSD fails to establish that its alleged wrongful conduct was sufficiently discretionary and policy-based so as to entitle it to immunity.

CCSD next moves for dismissal of Plaintiff's claim for intentional infliction of emotional distress. Likewise, this argument should be rejected because Plaintiff has alleged sufficient facts to demonstrate that CCSD's conduct was extreme and outrageous, and resulted in emotional distress and harm to C.S.

Lastly, CCSD moves for dismissal of the Plaintiff's Section 1983 claim. Plaintiff voluntarily dismisses its 1983 claim. However, Plaintiff wishes to preserve this argument in the event that facts to support it were to emerge in the course of discovery or trial.

## II. FACTUAL BACKGROUND

This case arises from an incident of bullying and shameful harassment that occurred to C.S. when he was a student at Roy Martin Middle School in Clark County, Nevada (hereinafter referred to as "Roy Martin MS"). C.S. is a student with a disability who is diagnosed with autism spectrum disorder and disabled verbally. ECF No. 1 at ¶10. While attending Roy Martin MS, C.S. had an individualized education plan (hereinafter "IEP"). *Id.* at ¶11. For context, an IEP is a legal document required for all qualifying public-school students under the Individuals with Disabilities Education Act, 18 U.S.C. § 1400 *et. seq.* (hereinafter the "IDEA"). A disabled student's IEP outlines the special education instruction and related services needed to provide the disabled

student a free and appropriate public education. Such services are determined and developed by a team comprised primarily of individuals from the student's school.

The salient factual allegations underlying the claims asserted against CCSD are as follows. On the morning of March 4, 2024, C.S. was using a restroom in or around the cafeteria at Roy Martin MS. *Id*. at ¶17-18. C.S. was using this restroom alone, without supervision, and the restroom was not a designated special education restroom. *Id*. While using this restroom, another student took photos and/or video of C.S. with his pants down and genitals exposed. *Id*. at ¶¶19-21. Specifically, C.S. was using the urinal with his pants pulled down to his ankles, as was usual for C.S. to do. *Id*. At ¶17. While using the urinal in this manner, the other student called out C.S.'s name, causing C.S. to turn around and expose his genitals to the student. *Id*. at ¶19. The student then took photos of C.S. and shared them via group chat and/or social media to several other students who may or may not have also been present in the restroom. *Id*. at ¶22.

Prior to and at the time of the incident, a "Classroom Schedule," required that a specialized programs teacher assistant (known as an SPTA) was to "accompan[y] and monitor[] students in the designated special education restroom when needed" if a student, like C.S., needs to use the restroom during class or at school. *Id*. at ¶16. Additionally, at the time of the incident, CCSD knew that C.S. had a habit of unclothing in such a manner while using the restroom at school. *Id*. at ¶31. Specifically, when C.S. initially began to attend Roy Martin MS in 2021, Plaintiff informed Roy Martin MS officials and staff of C.S.'s habit of dropping his pants to his ankles when urinating, leaving his genitals fully exposed. *Id*. at ¶32. Furthermore, C.S.'s IEP documented that C.S. had bathroom challenges in that he dropped his pants to his ankles and otherwise removed his clothes when urinating in the school restroom. *Id*. Prior to the incident a teacher raised concerned about C.S.'s behavior of removing his clothes in the restroom because she was afraid that other students might take advantage of him and possibly take pictures or videos when he was naked and

4

later share the pictures or videos on social media. *Id*. This teacher also assured Plaintiff that the teacher and others at Roy Martin MS were making efforts to address the issue. *Id*.

### III.  ARGUMENT

#### A.  FRCP RULE 12(b)(6) STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . .. When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

**B.  RESPONSE TO CCSD'S REQUEST FOR DISMISSAL OF PLAINTIFF'S STATE LAW CLAIMS**

   **1.  CCSD's Discretionary Immunity Defense Fails to Bar Plaintiff's Negligence Claim and Negligent Hiring, Supervision, and Training Claim at the Motion-to-Dismiss Stage**

CCSD's Motion raises a discretionary immunity defense to Plaintiff's claims for negligence (first cause of action) and negligent, hiring, training, and supervision (second cause of action). "Nevada jurisprudence provides a two-part test for determining whether discretionary-function immunity under NRS 41.032 applies to shield a defendant from liability." *Martinez v. Maruszczak*, 123 Nev. 433, 445-47, 168 P.3d 720, 728-29 (2007); *Butler v. Bayer*, 123 Nev. 450, 465-66, 168 P.3d 1055, 1066 (2007). Under the two-part test, a government defendant is not liable for an allegedly negligent decision if the decision (1) involves an "element of individual judgment or choice," and (2) is "based on considerations of social, economic, or political policy." *Martinez*, 123 Nev. at 446-47, 168 P.3d at 729." *Clark Cty. Sch. Dist. v. Payo*, 133 Nev. 626, 631-32, 403 P.3d 1270, 1274-75 (2017). In Nevada, a discretionary-function immunity defense applies to "conduct involving an executive or planning function characterized by the exercise of a high degree of official judgment or discretion." *Clark Cty. Sch. Dist. v. Payo*, 133 Nev. 626, 633, 403 P.3d 1270, 1276 (2017). *Butler*, 123 Nev. 450, 465-66, 168 P.3d 1055, 1066 (recognizing that the purpose of the waiver of sovereign immunity is "to compensate victims of government negligence in circumstances like those in which victims of private negligence would be compensated" and rejecting defendants' discretionary-function-immunity defense because the decision to leave a

6

disabled paroled prisoner in a precarious situation, while discretionary, was not policy-based and thus not entitled to discretionary-function immunity (quoting *Harrigan v. City of Reno*, 86 Nev. 678, 680, 475 P.2d 94, 95 (1970))). *Clark Cty. Sch. Dist.*, 133 Nev. at 632. "If the injury-producing conduct is an integral part of governmental policy-making or planning, if the imposition of liability might jeopardize the quality of the governmental process, or if the legislative or executive branch's power or responsibility would be usurped, immunity will likely attach under the second criterion." *Martinez v. Maruszczak*, 123 Nev. 433, 446, 168 P.3d 720, 729 (2007).

Here, the Complaint alleges sufficient factual matter to state plausible claims against CCSD for negligence and negligent hiring, training, and supervision that are not barred by discretionary immunity. CCSD's discretionary immunity argument against these claims is unpersuasive and fails to establish both prongs of the test.

First, CCSD relies on an overly broad argument that supervising students is discretionary and involves individual judgment. In the context of Plaintiff's negligence claim, CCSD's argument fails because it does not argue specific grounds for why the decision not – or failure to – supervise C.S. when he used the cafeteria restroom was of such a degree and character that CCSD should be entitled to immunity. Moreover, CCSD's argument fails because the Complaint alleges sufficient factual context showing that supervising C.S. when he used the restroom was not a discretionary act, but ministerial, with specific guidelines set out by the IEP and Classroom Schedule. Indeed, the Complaint alleges facts supporting the inference that Roy Martin MS knew of C.S.'s bathroom behavior, acknowledged the risk that C.S. could be taken advantage of by having compromising and shameful pictures of him taken, and determined that C.S. needed an adult to accompany him when he used the restroom, rather use it alone.

CCSD takes an equally, overbroad position against Plaintiff's negligent hiring, training, and supervision claim. Likewise, CCSD's position fails because Plaintiff alleges sufficient factual

7

context to show CCSD had a duty to appropriately train and supervise staff in association with the education of C.S. Furthermore, Plaintiff sufficiently alleges facts to show CCSD was aware of its supervisory duties regarding C.S.'s restroom behavioral needs yet failed to adequately train and supervise relevant personnel in addressing those needs. Accordingly, CCSD fails to establish the element of individual judgment or decision-making, as applied to the alleged facts of this case.

Second, CCSD fails to identify any policy-based decision-making that was at stake in this case, such that CCSD should be entitled to immunity. Indeed, CCSD offers no grounds for how its alleged wrongful conduct was integral to policy making or planning nor does CCSD identify any competing interests at stake. CCSD's cites the case of *D.M. by C.H. v. Nat'l Sch. Bus Serv.*, 05 Ill. App. 3d 735, 238 Ill. Dec. 950, 713 N.E.2d 196 (1999), but this case is a non-binding appellate court case from Illinois. Further, CCSD fails to identify how the alleged wrongful conduct in this case "fulfills a set of seemingly incompatible objectives" or involves "a complex calculus that clearly requires the balancing of competing interests and the making of a judgment that will satisfy them most efficiently." *Id*.

For these reasons, the Court should deny CCSD's discretionary immunity argument and allow Plaintiff's negligence and negligent hiring, training, and supervision claims to proceed.

**2.   Plaintiff Concedes that Respondeat Superior is not Recognized as a Separate Legal Cause of Action under Nevada Law and Will Amend if Necessary**

CCSD correctly points out that respondeat superior is not a separate legal cause of action. Plaintiff requests leave to amend the Complaint to correct this discrepancy, should the Court find it necessary.

**3.   The Complaint Alleges Sufficient Factual Matter to State a Plausible Claim for Intentional Infliction of Emotional Distress**

"Generally, the elements of [Intentional Infliction of Emotional Distress] are (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional

distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 91–92 (1981). "Extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998). In *Shoen*, the Nevada Supreme Court noted that "[i]f a bystander can recover for the negligent infliction of emotional distress, it is only logical that the direct victim be permitted the same recovery." *Shoen v. Amerco*, 111 Nev. 735, 896 P.2d 469, 477 (1995). While not recognizing a "new cause of action for direct negligent infliction of emotional distress, the Court held that 'the direct victim should be able to assert a negligence claim that includes emotional distress as part of the damage suffered as well as an intentional tort cause of action.'" *Id (*citing, *Prescott v. Slide Fire Sols., LP*, 410 F. Supp. 3d 1123, 1143 (D. Nev. 2019)).

Here, the Complaint alleges sufficient factual matter to state a plausible claim for intentional infliction of emotional distress. CCSD contends that Plaintiff fails to allege facts which would satisfy the "outrageous conduct" element – choosing to frame Plaintiff's argument around a mere "failure to supervise" claim. Notwithstanding CCSD's selective framing of the issue, the facts alleged by Plaintiff clearly demonstrate outrageous conduct on the part of CCSD. Specifically, Plaintiff alleges that CCSD was aware of three (3) prior incidents where C.S. had removed his clothes in the bathroom. ECF No. 1 at ¶31. CCSD knew about C.S.'s tendency to remove his clothes while in the bathroom and were aware of the risk that others would photograph him while his clothes were off. ECF No. 1 at ¶32. Despite this knowledge, CCSD recklessly disregarded C.S.'s written Classroom Schedule which stated that CCSD was to "accompan[y] and monitor[] students in the designated special education restroom when needed." ECF No. 1 at ¶16. As a direct and foreseeable result of CCSD's reckless disregard of the known risks to C.S., C.S. was photographed in the school bathroom while naked from the waist down, by students who

proceeded to mock, laugh at, and torment C.S. by sharing these photographs with their friends. While these actions alone would cause any "average member of the community . . . to exclaim, 'Outrageous!'" This horrific incident did not end there. CCSD staff then "air dropped" the photos of the exposed and naked C.S. from the phone of one of the offending students to her own phone, and to other CCSD staff. ECF No. 1 at ¶26.

CCSD also contends that Plaintiff fails to allege sufficient facts to support the "damages" element of its IIED claim.

C.S. is autistic and severely limited in his ability to communicate verbally. ECF No. 1 at ¶10. Therefore, to adopt the standard "damages" standard set forth by CCSD in its Partial Motion to Dismiss would be to effectively exclude not only C.S., but all individuals suffering from the same disabilities, from obtaining relief because of their inability to effectively communicate with others.

Notwithstanding C.S.'s difficulty communicating with others, Plaintiff's Complaint does provide facts to support the harm which C.S. suffered because of CCSD's outrageous conduct. Specifically, C.S. became extremely agitated when Plaintiff brought him to meet with the Assistant Principal the day after the event. ECF No. 1 at ¶35. Additionally, C.S. refused to return to school for the rest of the semester following the incident and he refused to attend his 8th Grade Graduation Ceremony – an event C.S. had greatly looked forward to attending. ECF No. 1 at ¶36. Following the incident, C.S also began having trouble sleeping, and experiences constant anxiety and distress at his new school. *Id*. As a result, Plaintiff must now repeatedly comfort and encourage C.S. to attend school due to his manifest anxiety and distress. *Id.*

Therefore, when considering the nature of C.S.'s disabilities, Plaintiff sufficiently alleges facts which, taken as true, show that C.S. suffered severe emotional distress due to CCSD's outrageous conduct.

LEX TECNICA LTD
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NV 89145
(702) 518-5535

**C.  RESPONSE TO CCSD'S REQUEST FOR DISMISSAL OF PLAINTIFF'S SECTION 1983 CLAIM**

CCSD moves to dismiss Plaintiff's claim for violation of 42 U.S.C. § 1983 (Third Claim for Relief). Upon further consideration, Plaintiff concedes that even if the Complaint alleges sufficient factual matter to state a plausible claim that CCSD's alleged actions amount to a constitutional violation under the Fourth and Fourteenth Amendments, under the standard established in *Monell v. Dep't of Social Services* and its progeny, the facts as known to date do not show that the School's actions were taken "pursuant to governmental 'custom,' even though such custom had not received formal approval through the body's decisionmaking channels." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 660, 98 S. Ct. 2018, 2020 (1978). However, Plaintiff wishes to preserve this argument in the event that facts to support it were to emerge in the course of discovery or trial.

## IV.  CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that Defendant Clark County School District's Partial Motion to Dismiss Complaint be denied, in part, and for such further relief as the Court deems appropriate.

DATED this 30th day of October 2024.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of October, 2024, the Plaintiff's foregoing OPPOSITION was served by emailing a copy of the foregoing document pursuant to Fed. R. Civ. P. 5(b)(E) to the following:

JACQUELINE V. NICHOLS, ESQ.
Nevada Bar No. 14246
GORDON REES SCULLY MANSUKHANI, LLP
300 So. 4th Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Direct: (702) 577-9315
Facsimile: (702) 255-2858
E-Mail: jnichols@grsm.com

/s/ Scott Whitworth
Scott Whitworth

**LEX TECNICA LTD**
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NV 89145
(702) 518-5535