**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Bobby Steele,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Clark County School District,<br><br>　　　　　Defendant(s). | 2:24-cv-01869-JAD-MDC<br><br>**ORDER GRANTING MOTION** |

　　　　Pending before the Court is plaintiff's *Motion to Amend* ("Motion") (ECF No. 29). For good cause shown and because it is unopposed, the Court GRANTS the Motion.

## DISCUSSION

**I.   LEGAL STANDARD**

　　　　Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to

facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## II. ANALYSIS

Plaintiff seeks leave of Court to file an Amended Complaint. ECF No. 29. Defendants did not file an opposition to the Motion and the time to do so has passed. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion...constitutes a consent to the granting of the motion."). The Court also finds good cause exists to grant plaintiff leave to amend. There is no apparent bad faith or undue delay in the motion for leave to amend. The amendments do not appear to prejudice the defendants. The amendments also do not appear to be futile. There have also been no amendments prior to this Motion. Thus, good cause exists to grant plaintiff leave to amend.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Amend* (ECF No. 29) is **GRANTED**.

2. Plaintiff shall file the proposed amended complaint by no later than **July 2, 2025**.

DATED this 25th day of June 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge