UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bobby Steele *as parent of and on behalf of C.S., a minor*,<br><br>Plaintiff,<br><br>vs.<br><br>Clark County School District,<br><br>Defendants. | Case No. 2:24-cv-01869-JAD-MDC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS AND ALLOW SERVICE VIA PUBLICATION (ECF NO. 54)** |

Plaintiff filed a *Motion For Extension of Time to Complete Service of Process and Allow Service via Publication* ("Motion"). *ECF No. 54*. The Court **GRANTS** the Motion regarding plaintiff's request for an extension of time and **DENIES** the Motion regarding plaintiff's request for service by publication for the reasons set forth below.

I. **BACKGROUND**

This is a case removed from state court arising out of alleged violations of the Americans with Disabilities Act while plaintiff's child was in care of defendants. *ECF No. 1-1*. Plaintiff filed this Motion following several attempts to contact and properly serve defendant Ma Rochelle Cervantes Daing ("Daing"). *See generally ECF No. 54*.

II. **DISCUSSION**

  a. **General Legal Principles**

Pursuant to Federal Rule of Civil Procedure ("Federal Rule") 4(m), defendants must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to

1

reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Nevada Rule 4.4(c) allows for service by publication under certain circumstances:

(1) Service by publication may only be ordered when the defendant:
    (A) cannot, after due diligence, be found;
    (B) by concealment seeks to avoid service of the summons and complaint; or
    (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
(2) Motion Seeking Publication. A motion seeking an order for service by publication must:
    (A) through pleadings or other evidence establish that:
        (i) a cause of action exists against the defendant who is to be served; and
        (ii) the defendant is a necessary or proper party to the action;
    (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
    (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
    (D) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
    (E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
        (i) the defendant's last-known address;
        (ii) the dates during which the defendant resided at that location; and

> (iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

Nev. R. Civ. Pro. 4.4(c). Courts have recognized that considering "due process concerns, service by publication must be allowed 'only as a last resort.'" *Hernandez v. Russell*, No. 320CV00114MMDCSD, 2022 WL 347552, at *2 (D. Nev. Feb. 4, 2022) (citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (emphasis added; citation and quotation marks omitted). This is because "it is generally recognized that service by publication rarely results in actual notice." *Id*. (citation and quotation marks omitted).

      **b.**    **Plaintiff Has Shown Good Cause For An Extension Of Time**

Plaintiff argues for a 90-day extension of time to attempt service on Daing. *ECF No. 54*. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal*., 820 F.2d 319, 320 (9th Cir. 1987). The Court finds that plaintiff has shown good cause for an extension of time. Plaintiff's agent attempted to personally serve Daing multiple times, ran multiple internet searches, and searched up Daing's voter registration. *ECF No. 54-1* at 1. Plaintiff's agent also sent an email to Daing's account and a Facebook message to Daing's Facebook profile in attempting service. *Id.* at 2. With good cause appearing, the Court grants plaintiff's 90-day extension of time request in order to properly serve Daing.

      **c.**    **Plaintiff Has Not Shown Service By Publication Is Needed At This Time**

Plaintiff also argues to serve Daing by publication. *ECF No. 54* at 3 (suggesting that the service should be published in the Nevada Legal News). Foremost, plaintiff did not provide proposed language of the summons to be used in the service by publication pursuant to Nevada Rule 4.4(c). Nev. R. Civ. P 4.4(c). Furthermore, it is unclear how plaintiff located the East Tropicana address and whether plaintiff made efforts to locate other addresses where plaintiff may be served. It is also unclear whether plaintiff

conducted a skip trace or conducted any discovery to locate defendant. Plaintiff identifies Daing as an employee of Clark County School District. *See Complaint, ECF No. 1-1* at ¶32. Therefore, the Court denies without prejudice plaintiff's request for service by publication. Plaintiff may refile a motion for service by publication if plaintiff demonstrates additional diligence to server her and provides the requisite publication language.

### III.    CONCLUSION

Plaintiff has shown sufficient grounds to grant the Motion regarding a 90-day extension to serve Daing. However, the Court denies without prejudice the Motion regarding plaintiff's request for service by publication.

ACCORDINGLY,

IT IS ORDERED that:

1. Plaintiff's *Motion For Extension of Time to Complete Service of Process and Allow Service via Publication* (ECF No. 54) is **GRANTED** regarding his request for an extension to serve Daing. Plaintiff must file proof of service within 90 days of the date of this Order.

2. Plaintiff's Motion is **DENIED** without prejudice regarding his request for service by publication.

3. Plaintiff may refile the motion for service by publication if plaintiff is unable to locate and serve Daing within 90 days of the date of this Order. If plaintiff refiles the motion for service by publication, he must also discuss what efforts have been made to find Daing's current employment location in the motion.

DATED: October 28, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.