**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Bobby Steele *as parent of and on behalf of C.S., a minor*,<br><br>Plaintiff,<br><br>vs.<br><br>Clark County School District,<br><br>Defendants. | Case No. 2:24-cv-01869-JAD-MDC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPLETE SERVICE ON DEFENDANT MA ROCHELLE DAING AND ALLOW SERVICE BY PUBLICATION (ECF NO. 73)** |

Plaintiff filed a *Motion to Complete Service on Defendant Ma Rochelle Cervantes Daing and Allow Service via Publication* ("Service Motion") (ECF No. 73) The Court **GRANTS** the Service Motion regarding plaintiff's request for an extension of time and **DENIES** the Service Motion regarding plaintiff's request for service by publication for the reasons set forth below.

**I.      BACKGROUND**

This is a case arising out of alleged violations of the Americans with Disabilities Act while plaintiff's child was in care of defendants. *ECF No. 1-1*; *see ECF No. 33*. Plaintiff filed the first *Motion For Extension of Time to Complete Service of Process and Allow Service via Publication* ("First Service Motion") following several attempts to properly serve defendant Ma Rochelle Cervantes Daing ("Daing"). *See generally ECF No. 54*. The Court granted the First Service Motion regarding plaintiff's request for a 90-day extension to attempt service on Daing and denied it regarding plaintiff's request for service by publication. *ECF No. 60*. Plaintiff then filed this Service Motion following further attempts to locate and serve Daing. *ECF No. 73*. Plaintiff timely filed this Service Motion within the 90-day extension period. *See ECF Nos. 60, 73*.

//

//

1

## II.    DISCUSSION

### A.    General Legal Principles

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Nevada Rules of Civil Procedure ("Nevada Rule") 4.4 governs methods of alternative service. It provides that:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method. (2) A motion seeking an order for alternative service must: (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'" *Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015).

Nevada Rule 4.4(c) allows for service by publication under certain circumstances:

> (1) Service by publication may only be ordered when the defendant:
>     (A) cannot, after due diligence, be found;
>     (B)  by concealment seeks to avoid service of the summons and complaint; or

(C)  is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).

(2)  Motion Seeking Publication. A motion seeking an order for service by publication must:

(A)  through pleadings or other evidence establish that:

(i)  a cause of action exists against the defendant who is to be served; and

(ii)  the defendant is a necessary or proper party to the action;

(B)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;

(C)  provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;

(D)  suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and

(E)  if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:

(i)  the defendant's last-known address;

(ii)  the dates during which the defendant resided at that location; and

(iii)  confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

Nev. R. Civ. Pro. 4.4(c). Courts have recognized that considering "due process concerns, service by publication must be allowed 'only as a last resort.'" *Hernandez v. Russell*, No. 3-20-cv-00114-MMD-CSD, 2022 WL 347552, at *2 (D. Nev. Feb. 4, 2022) (citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (emphasis added; citation and quotation marks omitted). This is because "it is generally recognized that service by publication rarely results in actual notice." *Id*. (citation and quotation marks omitted).

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated

3

that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

**B.    Plaintiff Has Shown Good Cause For An Extension Of Time**

Plaintiff argues for another 90-day extension to serve Daing. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). The Court finds that plaintiff has shown good cause for an extension of time. Since plaintiff has filed the First Service Motion, plaintiff has communicated with defendant Clark County School District ("CCSD") to locate Daing, and conducted a skip trace and various internet searches. *ECF No. 73* at 2-3. Planitiff attempted service on a street address found associated with Daing, and attempted to contact her via Facebook, an email address and a phone number also found during the searches. *Id.* With good cause appearing, the Court grants plaintiff's request for an extension of time to serve Daing. Plaintiff will have until **May 27, 2026** to properly file a proof of service.

**C.    Plaintiff's Request For Service By Publication Is Insufficient**

Plaintiff also moves to serve Daing by publication. *ECF No. 73*. Plaintiff, however, fails to provide complete and sufficient language for the proposed publication notice. Among other things, plaintiff's language omits identification of the court, case name and number, and the actual language of the published summons (*see e.g.*, Fed. R. Civ. P. 4(a)(1) and Nev. R. Civ. P. 4(a)(1) for contents of summons). Moreover, plaintiff is currently communicating with CCSD regarding locating Daing. *See ECF No. 73-7*. CCSD's last communication with plaintiff on January 22, 2026, indicated "that the handling attorney left the firm and that the file was getting transferred" and suggested that subsequent discussions regarding Daing's possible whereabouts would continue with new counsel. *See id.* The Court notes that attorney Thomas D. Dillard and the law offices of Olson Cannon & Gormley entered an

appearance for defendants on February 17, 2026. *ECF No. 74.* It is unclear whether plaintiff's counsel has resumed discussions with Mr. Dillard regarding Daing.

In light of the foregoing, the Court denies without prejudice plaintiff's renewed request for service by publication. The Court cautions CCSD that if it has relevant information for locating Daing, it must promptly disclose it to plaintiff. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff may refile a motion for service by publication if plaintiff provides complete publication language and shows that communications with CCSD do not result in locating Daing.

## III.    CONCLUSION

Plaintiff now has until **May 27, 2026** to properly file a proof of service of Daing. Plaintiff's request for service by publication is denied without prejudice.

ACCORDINGLY,

IT IS ORDERED that:

1.  Plaintiff's *Motion to Complete Service on Defendant Ma Rochelle Cervantes Daing and Allow Service via Publication* (ECF No. 73) is **GRANTED in part and DENIED in part**.

2.  Plaintiff's request for an extension of time to serve defendant Ma Rochelle Cervantes Daing is granted. Plaintiff must file proof of service by **May 27, 2026**.

3.  Plaintiff's request to serve defendant Ma Rochelle Cervantes Daing by publication is denied without prejudice.

DATED: February 27, 2026

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

5

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.